UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
BARRY SANDERS,

                           Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer MOISES
COLON, Shield No. 25645; Sergeant KEVIN
COLVIN; and JOHN and JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

14 CV 3252

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Barry Sanders ("plaintiff" or "Mr. Sanders") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Moises Colon, Shield No. 25645 ("Colon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Colon is sued in his individual and official capacities.

9.      Defendant Sergeant Kevin Colvin ("Colvin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Colvin is sued in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 5:50 p.m. on May 17, 2013, plaintiff was lawfully present in the vicinity of Hemlock Street and Blake Avenue in Brooklyn, New York.

14.     Mr. Sanders observed the defendant officers stop and detain a man who appeared to be doing nothing more than teaching his young daughter how to ride a bicycle.

15.     Mr. Sanders passively observed the defendant officers' actions from a safe and reasonable distance.

16.     Mr. Sanders never approached the officers or attempted to interfere in their conduct, even though it appeared to be unlawful.

17.     Mr. Sanders was not disorderly.

18.     Without probable cause, arguable or otherwise, or even reasonable suspicion of criminality, one of the defendants walked over to Mr. Sanders, grabbed, handcuffed and falsely arrested him.

19.     The handcuffs were excessively tight and the defendant officers refused to loosen them, despite plaintiff's repeated pleas.

20.     Plaintiff was eventually taken to the 75th Precinct.

21.     At the precinct, the officers refused to remove plaintiff's handcuffs and he remained handcuffed in a cell for several hours.

22.     The officers viciously assaulted Mr. Sanders in the precinct.

23.     Mr. Sanders was then taken to Brookdale Hospital by ambulance, treated for injuries to his shoulders and wrists, and returned to the precinct.

24.     At the precinct, defendant Colon falsely informed employees of the Kings County District Attorney's Office that he had observed plaintiff obstruct governmental administration and engage in disorderly conduct.

25.     At no point did the officers observe plaintiff commit any crime or offense.

26.     Plaintiff was taken to Brooklyn Central Booking, arraigned and released on his own recognizance.

27.     Mr. Sanders was compelled, under the threat of the issuance of an arrest warrant and of arrest, to return to criminal court repeatedly in defense of the false charges.

28.     On or about April 9, 2014, the charges were dismissed and sealed.

29.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
**Denial Of Constitutional Right To Fair Trial**

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    The individual defendants created false evidence against plaintiff.

45.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

46.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*
### Failure to Train, Discipline and Supervise

48.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.    Defendant City, through the NYPD, failed to train, discipline and supervise the defendant officers with deliberate indifference to the rights of Mr. Sanders.

50.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions and potentially dangerous.

51.    Upon information and belief, adequate training, discipline and supervision of the defendants could have prevented the injuries Mr. Sanders suffered.

52.    The defendant City's failure to train, discipline and supervise the defendants proximately caused each of plaintiff's injuries.

53.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Deliberate Indifference

54.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.    The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

56.    Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

57.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

61.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.

Dated:     May 26, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*

-10-